UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID HEBERT** | * | **CIVIL ACTION** |
| Plaintiff | * | NO: 19-12267 |
| Versus | * | |
| **UNITEDHEALTHCARE INSURANCE COMPANY** and | | |
| **UNITEDHEALTHCARE SPECIALTY BENFETIS, L.L.C.** | * | **JUDGE:** |
| | * | |
| Defendants | * | **MAGISTRATE:** |

## COMPLAINT

1. Plaintiff, David Hebert ("Hebert"), brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), and the principles of federal common law developed thereunder, against defendants UnitedHealthcare Insurance Company ("UHIC") and UnitedHealthcare Specialty Benefits, L.L.C. ("UHC Specialty Benefits") for benefits payable under a long-term disability plan ("Plan") sponsored by his employer, Lowland Construction Company, Inc.

2. On information and belief, UHIC delegated: (1) the administrative processing of all claims under the UHIC policy; and (2) the administrative responsibility for responding to requests for UHIC policy documents to defendant UHC Specialty Benefits. Upon information and belief, the insurance contract was with UHIC. Both defendants are part of the same corporate entity/enterprise.

3. This Complaint challenges the defendants': 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating plaintiff's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Hebert's disability; 3) failure to provide Hebert with a full and fair review of his claim, relying on shifting and alternate grounds for denying benefits; 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Hebert's claim, and 5) failure to decide the claim the claim on the merits within the time limit found in ERISA regulations promulgated at 29 C.F.R. 2560.503-1(i)(1)(i).

4. Hebert is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post-judgment interest as provided by ERISA.

5. This Court has personal jurisdiction over the defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f) without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the defendants' breach of its ERISA obligations occurred in this district.

6. The plaintiff, Mr. Hebert, is a 40-year-old individual domiciled in Houma, Terrebonne Parish, Louisiana. He is a vested participant in the Lowland Construction Co., Inc. Employee Benefit Plan, within the meaning of 29 U.S.C. § 1002(2)(7). Hebert has standing to bring this action under 29 U.S.C. § 1132(a).

7. Defendant UHIC is domiciled in Connecticut with its principal place of business in Connecticut. Defendant UHC Specialty Benefits is domiciled in Maine with its principal place of business in Minnesota.

## STATEMENT OF FACTS

8. At the time he became disabled, Mr. Hebert was a fitter/welder with heavy physical demand requirements working for Lowland Construction Co., Inc. His occupation requires bending, stooping, and heavy lifting, as is recognized by an occupational review performed by UHC Specialty Benefits.

9. As an employee of Lowland Construction Co., Inc., Hebert is entitled to long-term disability benefits under a contract of insurance between his employer and UHIC.

10. The Plan does not validly delegate to either defendant discretionary authority to interpret terms of the Plan or determine eligibility for disability benefits.

11. Under the terms of the Plan, the Plan commits to paying a beneficiary disability benefits when:

a. "he not Actively at Work and is unable to perform some or all of the Material and Substantial Duties of his Regular Occupation due to his Sickness or Injury"; and

b. "he has a 20% or more loss in Indexed Pre-Disability Monthly Earnings due solely to the same sickness or injury."

12. After 24 months of benefits are paid, the Plan commits to paying long-term disability benefits if the beneficiary is disabled from any occupation.

## HEBERT'S DISABILITY

13. Mr. Hebert is disabled due to herniated disks of the lumbar spine and cervical spine and severe radicular pain.

14. UHC Specialty Benefits found the lumbar herniated disk to be pre-existing, even though there is no documented evidence that the disk was herniated until Mr. Hebert stopped working.

15. UHC Specialty Benefits found that the cervical herniated disk was not pre-existing, but that when only cervical impairment is taken into account, Mr. Hebert could still perform his Regular Occupation as a fitter/welder, even though this condition makes it impossible to perform many of the Material and Substantial Duties of his Regular Occupation, such as bending, stooping, fingering, and standing for long periods.

16. Mr. Hebert has been prescribed narcotic pain medication, which would make the physical demands of his own occupation impossible. In addition, these limitations would make any job impossible.

17. Certifications of all these limitations from Dr. Danielle Vail, NP and other treating physicians are in the claim file.

## APPEAL

18  Hebert applied for long-term disability and despite the fact that his treating provider indicated that he was medically unable to work in his occupation, long-term disability benefits were denied. Short-term disability benefits were however paid.

19. The multiple appeals required by UHC Specialty Benefits in this case provided for a tortuous process. Mr. Hebert's claim was first denied on the basis of the pre-existing condition exclusion on October 5, 2018. Claimant, through counsel, appealed on November 13, 2018. This appeal was not concluded until April 24, 2019, far longer than the 45-day time limit found at 29 C.F.R. 2560.503-1(i)(1)(i). The appeal maintained that the lumbar spine issues were pre-existing. However, the appeal reviewer found the cervical issues were not pre-existing. Even though the

appeal reviewer found the cervical issues not to be pre-existing, she found they did not preclude working in Mr. Hebert's own occupation.

20. UHC Specialty Benefits relied in large part on a miscommunication between Danielle Vail, NP and UHC Specialty Benefits. UHC Specialty Benefits sent her a long letter with many undisputed facts, but some allegations damaging to Mr. Hebert's claim for benefits. The letter basically stated: "sign at the bottom if you agree." The letter was confusing and intended to elicit UHC Specialty Benefit's preferred conclusions. UHC Specialty Benefits should never have relied on it, especially considering Ms. Vail corrected the record immediately with a functional capacity report clearly stating Mr. Hebert cannot do heavy or medium work based on cervical pathology only. This was not a full and fair review of Mr. Hebert's claim for benefits. UHC Specialty Benefits already had a preferred outcome to deny benefits in mind.

21. Along with its first upheld appeal review of April 24, 2019, UHC Specialty Benefits stated it would require another appeal review of the claim before administrative review would be completed. This would be an appeal review specifically of the finding that the cervical pathology, although not pre-existing, was also not disabling. This was not characterized as an optional review, and there was no basis for requiring yet another appeal. Reluctantly, claimant filed another appeal immediately, not wanting to risk defendants alleging in court that administrative reviews were not exhausted. This appeal review was concluded August 1, 2019, and the denial was upheld. From first appeal filing on November 13, 2018 to August 1, 2019, the appeal process took eight and a half months. This is a flagrant violation of the requirements found at 29 C.F.R. 2560.503-1(i)(1)(i).

## **SUMMARY**

22.     The plaintiff has been disabled from his own occupation and any occupation since on or about June 6, 2018. He has not worked at all since this time.

23.     The plaintiff exhausted his administrative remedies.

24.     The defendants failed to provide Hebert with a full and fair review of his claim for benefits, including a fair review of his treating providers' actual opinion and due consideration of the requirements of his Regular Occupation. Plaintiff has been fully compliant with treatment and has made every effort to provide medical evidence to support his claims of disability even without the benefit of private health insurance. Defendants have used plaintiff's reliance on the public hospital system against him as opposed to giving him any benefit of the doubt, trying to trick his treating busy treating providers as opposed to making an open and fair inquiry into his limitations.

25.     Any discretion to which defendant may claim it is entitled under the Plan is negated by its failure to provide the plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits. Plaintiff is therefore entitled to *de novo* review of the denial of his rightful long-term disability benefits. In addition, the failure to complete appeal review within a reasonable amount of time entitles him to *de novo* review.

26.     The defendant was motivated by its financial conflict of interest when it denied Mr. Hebert's claim for benefits.

27.     The decision to deny Mr. Hebert's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

28. Due to the unlawful denial of benefits under ERISA, plaintiff has lost his rightful long-term disability benefits.

29. The plaintiff has also suffered emotional distress and an exacerbation of his physical condition as a result of defendants' actions.

30. Having exhausted the administrative procedures provided by the defendants, plaintiff now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

31. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

32. The Plan is a contract.

33. Plaintiff has performed all of his obligations under the contract.

34. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

35. The defendant's actions constitute an unlawful denial of benefits under ERISA., as provided in 29 U.S.C. § 1132(a)(1)(B).

36. The defendants unlawfully denied plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting plaintiff's claim; and (2) denying plaintiff a full and fair review of the decision to deny his benefits.

36. In accordance with 29 U.S.C. §1132, plaintiff is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability.

37. The defendants have refused to provide plaintiff with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

38. As a direct and proximate result of this breach, plaintiff has lost the principal and the use of his rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

39. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

40. Under the standards applicable to ERISA., plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

41. The defendants have the ability to satisfy the award.

42. The defendants have acted in bad faith in denying plaintiff's benefits under the Plan.

43. The award of attorneys' fees against the defendants will deter the defendants and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

**PRAYER FOR RELIEF**

44. WHEREFORE, the plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b. Award plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit, pre-judgment, and post-suit interest as may be allowed by law;

c. Order that the defendants make restitution to plaintiff in the amount of any losses sustained by plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit, pre-judgment, and post-suit interest;

d. Award plaintiff the costs of this action and reasonable attorneys' fees;

e. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin

DAVID C. PELLEGRIN, T.A. (La Bar # 34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738